IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 19-190-9 |
| | ) | |
| JAMAL KNOX | ) | |

**OPINION and ORDER ON MOTION
FOR RECONSIDERATION OF ORDER OF DETENTION**

Presently before the court is Defendant Jamal Knox's Motion for Reconsideration of Order of Detention. ECF No. 341. Defendant requests release from detention and suggests that he be placed on electric monitoring with home confinement, as well as any other conditions the Court deems appropriate. Mot. Recons. 5. He also requests that the Court hold a hearing on his Motion. *Id.* The Government opposes Defendant's request for a *de novo* hearing, and Defendant's release pending trial. For the reasons set forth below, Defendant's Motion will be denied.

**I.      Background**

Defendant is charged in Count 1 of the Superseding Indictment, along with twelve other defendants, with conspiracy to distribute 1 kilogram or more of heroin, 280 grams or more of crack cocaine, 100 grams or more of acetyl fentanyl and valeyrl fentanyl, and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, from on or about September 2017 to on or about November 2019. ECF No. 33.

On November 27, 2019, a detention hearing was held before Chief Magistrate Judge Cynthia Reed Eddy. ECF No. 178; ECF No. 341-2 (Tr. Detention Hearing, Nov. 27, 2019). After hearing evidence and argument, Magistrate Judge Eddy ordered Defendant detained, finding "by clear and convincing evidence that there are not conditions to reasonably assure

the safety of others, and [finding] by a preponderance of the evidence that no conditions will reasonably assure the appearance of the defendant." Et. Tr. 57. *See also* Order of Detention Pending Trial. ECF No. 179.

**II. Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*, governs release and detention pending judicial proceedings. Under the Bail Reform Act, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be ordered. 18 U.S.C. §3142(e). Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c) or an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. United States v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986).

The charge against the Defendant raises the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(e)(3). A defendant may rebut the presumption of detention by producing "some credible evidence ... that he will appear and will not pose a threat to the community." United States v. Carbone, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). If the defendant rebuts the presumption, the government bears the burden of proving that defendant presents either a risk of flight or a danger to the community. Id. Specifically, the government must prove by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will assure his appearance at trial. United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986). In addition, the government has the burden to prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. United States v. Delker, 757 F.2d 1390, 1399 (3d Cir. 1985).

This Court exercises de novo review over the detention order entered by the magistrate judge. Id. at 1394-95. *De novo* review does not require an additional or independent evidentiary hearing by the District Court, and the Court may incorporate the transcript of the proceedings before the Magistrate Judge, including any exhibits admitted therein. Chagra, 850 F. Supp. at 357; United States v. Burks, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) ("*De Novo* review does not require a *de novo* evidentiary hearing"). The Court may also consider any additional evidence submitted in connection with the motion. United States v. Turner, 08cr0323, 2008 WL 4186212, at *1 (W.D. Pa. Sept. 5, 2008). The Court has considered the

3

Defendant's Motion for Reconsideration of the Order of Detention (ECF No. 341), the transcript of the proceedings before Judge Eddy, evidence submitted during that hearing, the parties' pleadings, and the Pretrial Services Report.

The Court agrees with Judge Eddy that Defendant did not introduce sufficient evidence to rebut the applicable presumption that no conditions will reasonably assure the safety of the community. ECF No. 179, at 2. The Court further concludes that, even if Defendant had met his evidentiary burden to rebut the applicable presumption, the government has presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case. In reaching these decisions, the Court has conducted an independent examination of the record evidence and balanced the four factors set forth in 18 U.S.C. §3142(g), which include the following: the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance or a firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court finds that the evidence proffered at the detention hearing favors the government on each of these cited factors. Defendant has been indicted for a serious conspiracy offense involving several different controlled substances over a nearly two-year period. A conviction on this charge may result in the imposition of a lengthy period of incarceration. As such, this factor weighs against Defendant. Judge Eddy also found that the weight of the evidence against Defendant is strong, as reflected by the grand jury's return of the Superseding Indictment which establishes probable cause that the offenses occurred. Id.

4

In addition, Judge Eddy noted that when Defendant was arrested at his mother's home, where he resided, the agents found a firearm, ammunition, and $50,000 cash. ECF No. 341-2, at 53. Judge Eddy recognized that testimony at the hearing established that Defendant's brother was the lawful owner of the firearm; however, while out of town, his brother had left the firearm at the residence for approximately 6 months. Id. at 53-54. Thus, the firearm was readily accessible to the Defendant. In addition, Judge Eddy noted the presence of a scale in the residence. Id. at 54. While recognizing that Defendant is presumed innocent of the charged offenses, the weight of the evidence against Defendant favors pretrial detention.

With respect to Defendant's history and characteristics, this Court shares Judge Eddy's concern about his criminal history. As Judge Eddy observed, the Pretrial Services Report indicates that Defendant committed a series of offenses, including offenses of possession with intent to deliver a controlled substance, fleeing or attempting to elude a police officer, providing false identification to a police officer, possession of a controlled substance, intimidation of a witness/victim, terroristic threats, resisting arrest, escape, disorderly conduct, criminal mischief, and possession of a controlled substance. Id. at 55, 57-58. Judge Eddy also noted that Defendant committed several offenses while he was on bond for prior offenses. Id. at 56-58. In addition, Defendant was charged with committing the instant offense while on bond for the possession of a controlled substance offense. Id. at 57.

Defendant notes that only a small amount of controlled substances was recovered from his residence, and that testing of the substance found on items seized from his home indicated a negative result for narcotics. ECF No. 341, at 4. As to his criminal history, Defendant notes that his convictions are mostly from 2012 and 2013. Id. He also emphasizes his strong family

5

and community ties, his volunteering for local youth sports, and his prior employment.[1]  Id.
Defendant suggests that he can be placed on home detention with electronic monitoring,
presumably at his mother's residence, and perhaps under the supervision of his mother and
brother, Jeff Knox, Jr. Id. at 5.

Defendant's history and characteristics relative to his criminal conduct show that
supervision has done little to deter him from engaging in criminal activity.  As to Defendant's
suggestion concerning his brother and/or mother as third-party custodians, "the mere fact that
a relative or other individual is willing to serve as a third party custodian for a defendant is not
sufficient to justify release on such conditions but is among the factors to be considered when
evaluating whether release or detention is appropriate in a given case." United States v. Bey,
Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015).  In this regard, Judge
Eddy found that his brother would not be a suitable custodian considering his absence from
Pittsburgh, his travel due to his employment, and his unawareness, in general, of all of
Defendant's criminal activity.  ECF No. 341-2, at 58. As to his mother, Judge Eddy noted that
living with his mother since 2010 had not deterred Defendant from engaging in criminal
activity.  Id. at 55.   Accordingly, the Court finds that Defendant shall remain detained.

---

[1] During a March 26, 2020 telephonic status conference to address discovery matters, Defense counsel reiterated Defendant's request for a hearing, noting that she is in the process of gathering potential witnesses to testify, at a minimum, as to Defendant's volunteering in his community.  As there are presently no witnesses to consider, the Court will not delay issuing a decision on the instant Motion.  Moreover, the decision to detain Defendant relies primarily on his history and characteristics, his criminal conduct, the likelihood of his fleeing if released, the danger to the community he presents, and the charges he currently faces.  Thus, it is unlikely that any testimony regarding Defendant's involvement in his community would outweigh such findings.

### III. **CONCLUSION**

For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community, and that no conditions will reasonably ensure the appearance of the Defendant if Defendant is released pending trial. Accordingly, Defendant's Motion for Reconsideration of Order of Detention is denied.

An appropriate Order follows.

### **ORDER**

AND NOW, this 27th day of March, 2020, for the reasons set forth above, IT IS ORDERED that Defendant's Motion for Reconsideration of Order of Detention (ECF No. 341) is DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge