IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | Criminal No. 19-190-9 |
| JAMAL KNOX | ) ) ) | |
| Defendant. | ) | |

**ORDER OF COURT**

Presently before the Court are Jamal Knox's Affidavit of Truth, seeking immediate release from detention, ECF No. 316, and his Affidavit, in which he asserts his innocence and again requests that he be released, ECF No. 317. As Mr. Knox presents no valid basis for his release the request is DENIED. To the extent Mr. Knox seeks release through a bond hearing or reconsideration of the Magistrate Judge's detention order, such request is also DENIED. The Court has already thoroughly addressed the issue of Mr. Knox's detention in an Opinion and Order dated March 27, 2020, denying his request for release from detention. ECF No. 351. The reasons justifying detention are set forth in the Court's Opinion and Order, a copy of which is attached hereto as Appendix A.

Mr. Knox also complains that the Court appointed Christy Foreman, Esq.. as counsel to represent him even though he never requested counsel. ECF No. 317, at 4. To the contrary, Mr. Knox was permitted to represent himself in this matter and Ms. Foreman was appointed to act as standby counsel. Order, Aug. 31, 2020, ECF No. 520. The Court acknowledged Mr. Knox objected to the appointment of standby counsel, but nonetheless determined that appointment of

standby counsel was appropriate.  Id. at 2.  The Court explained the decision to appoint standby counsel as follows:

> The United States Court of Appeals for the Third Circuit has stated that the "appointment of standby counsel is the prudent course to take when a defendant elects to proceed pro se." United States v. Welty, 674 F.2d 185, 193 n. 5 (3d Cir.1982).  The United States Supreme Court explicitly ruled that a "defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel - even over the defendant's objection - to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." McKaskle v. Wiggins, 465 U.S. 168, 184 (1984).  See also Indiana v. Edwards, 554 U.S. 164, 171 (2008) (citing McKaskle for the proposition that "appointment of standby counsel over self-represented defendant objection is permissible") Thomas v. Carroll, 581 F.3d 118, 125 (3d Cir. 2009) (same).  Therefore, standby counsel will be appointed in this case.

ECF No. 520 at 2-3.  The Court also explained standby counsel's limited role:

> Standby counsel is "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975).  "Such an appointment facilitates the accused's Sixth Amendment right to proceed pro se and conduct one's own defense." United States v. Bertoli, 994 F.2d 1002, 1017 (3d Cir. 1993) (citing Faretta, 422 U.S. at 821.  "[T]he Supreme Court also explained that 'the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.'" Thomas v. Carroll, 581 F.3d 118, 125 (3d Cir. 2009) (quoting Faretta, 422 U.S. at 834 n. 46).

ECF No. 520 at 3.

Mr. Knox also expresses concern that standby counsel was appointed to speak on behalf of Mr. Knox, and therefore limit Mr. Knox's opportunity to speak for himself.  This is not the case.  As stated in the Order appointing standby counsel, the Court explained as follows:

> Standby counsel . . . is not permitted "to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance." McKaskle,

> 465 U.S. at 174. "The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in *voir dire*, to question witnesses, and to address the court and the jury at appropriate points in the trial." Id.  Thus, a defendant exercising his right to self-representation "is entitled to preserve actual control over the case he chooses to present to the jury." Id.

ECF No. 520 at 3.  The Court emphasizes that the Third Circuit Court is clear that standby counsel is not permitted "to speak instead of the defendant on any matter of importance." McKaskle, 465 U.S. at 174.

Finally, standby counsel is appointed as an aide to the smooth and efficient administration of justice and to facilitate a speedy and efficient trial.  To further such goals, standby counsel is appointed as an attorney who is present in the courtroom, and who will follow the evidence and proceedings.  Standby counsel will assist the pro se defendant in procedural matters he may be unfamiliar with, but only if the pro se defendant wants counsel's assistance.  Importantly, for the Court and the public, standby counsel "stands by" in the event the Court determines during the trial, or at any hearing, that the pro se defendant can no longer be permitted to represent himself, or, if it is necessary, that he must be removed from the courtroom because of disruptive tactics, so that the hearing or trial may proceed in an orderly manner.

IT IS SO ORDERED:

January 6, 2021

*[signature]*
United States District Judge

cc: JAMAL KNOX, pro se
USMS 39774-068
DOD# 164273
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219