**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 19-190-9** |
| | ) | |
| | ) | |
| **JAMAL KNOX** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM ORDER**

Defendant Jamal Knox, along with twelve other defendants, is charged in Count 1 of a

Superseding Indictment with conspiracy to distribute 1 kilogram or more of heroin, 280 grams or

more of crack cocaine, 100 grams or more of acetyl fentanyl and valeryl fentanyl, and 400 grams

or more of fentanyl, in violation of 21 U.S.C. § 846, from on or about September 2017 to on or

about November 2019.  ECF No. 33.  Defendant is representing himself in this matter.  His

appointed stand-by counsel is Christy Foreman, Esquire.

Presently before the Court are Defendant's Affidavit and Truth in Rebuttal (Affidavit)and

Notice of Default and Demand for Dismissal (Notice).  ECF Nos. 644 & 690.  Both the Affidavit

and Notice contain matters that are frivolous, not pertinent to the case at hand, and/or raise

challenges that have no legal basis.  Defendant does, however, present overlapping legal

challenges in both pleadings.  *Compare* Affidavit, ECF No. 644 at 7-10 (kidnapping claim,

insufficiency of evidence in support of Superseding Indictment, retaliatory investigation,

vindicative prosecution, and Fourth Amendment claims that government illegally placed a

tracking device on his car, illegally obtained his iCloud account, illegally searched his house, and

illegally intercepted his communications) *with* Notice, ECF No. 690 at 3 (insufficiency of

evidence of Superseding Indictment and Fourth Amendment claims that government illegally placed a tracking device on his car, illegally obtained his iCloud account,  and illegally intercepted his telephone communications).  The claims in the Notice mirror the claims set forth in the Affidavit and contain no new arguments or assertions.  Therefore, the Court finds that the government need not file a response to the Notice, because the government has previously filed a meritorious response to the claims asserted the Affidavit.  ECF No. 680.  For the reasons that follow, Defendant's legal challenges will be denied.

With respect to the request to dismiss the Superseding Indictment for insufficiency of evidence, the request is premature.  A pretrial motion to dismiss for insufficiency of the evidence is "'not a permissible vehicle for addressing the sufficiency of the government's evidence.'" United States v. Gillette, 738 F.3d. 63, 74 (3d Cir. 2013) (quoting United States v. Huet, 665 F.3d 588, 595 (3d Cir. 2012)).  Such challenges are reserved for trial.  Gillette, 738 F.3d at 74 ("district court is prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because '[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29'" (quoting Huet, 665 F.3d at 595)).

There is no merit to Defendant's alleged "kidnapping" and illegal detention claims. Defendant was arrested pursuant to a valid arrest warrant after the grand jury returned the Superseding Indictment stating the charge against him.  Defendant was lawfully arrested, and the Magistrate Judge performed a lawful detention hearing, after which she determined that Defendant should be detained.  Defendant sought reconsideration of that decision from this Court, but it was denied.  See ECF Nos. 341, 351, 613, 626).

2

With respect to Defendant's illegal investigation and vindicative prosecution claims, said claims are premised on Defendant's assertion that the instant charge against him arose from law enforcement's desire to punish Defendant for a rap song he penned that called for the murder of police.  Defendant presents no evidence to support his claims.  Therefore, Defendant cannot meet his burden to show that that the prosecutor had an improper motive.  United States v. Waller, No. CRIM. 14-40, 2014 WL 6612903, at *9 (W.D. Pa. Nov. 20, 2014) (quoting United States v. Mariani, 121 F.Supp.2d 803, 809 (M.D. Pa.2000)).  Even with a showing of an improper motive, the evidence "must show that, "absent the improper motive, the defendant would not have been prosecuted."  Waller, No. CRIM. 14-40, 2014 WL 6612903, at *9.  Here, law enforcement investigated Defendant as part of wide-ranging drug conspiracy.  The government prosecuted him because the evidence derived from the investigation was sufficient to obtain an indictment charge for drug trafficking against Defendant.  Thus, Defendant would have been investigated and prosecuted even if law enforcement or the government were improperly motivated to punish Defendant because of his song lyrics.

Finally, there is no merit to Defendant's bare assertions that his Fourth Amendment rights were violated.  The government sought, and a court authorized, 1) the lawful use of a GPS tracking device on Defendant's vehicle, 2) the lawful ability to obtain and search the contents of Defendant's iCloud account, 3) the lawful ability to search residences associated with Defendant, and 4) the lawful ability to intercept Defendant's communications.  Defendant presents no evidence, beyond his bare assertion, that any search, or seizure of evidence was unlawful.

Accordingly, the following Order is entered.

AND NOW, this 15th day of April 2021, it is hereby ORDERED that Defendant's legal challenges set forth in his Affidavit and Truth in Rebuttal (ECF No. 644) and Notice of Default and Demand for Dismissal (ECF No. 690) are DENIED.

Marilyn J. Horan
United States District Court Judge

cc:     JAMAL KNOX, pro se
        USMS 39774-068
        DOD# 164273
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219