IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 19-190-9 |
| | ) | |
| JAMAL KNOX | ) | |

**Opinion and Order on Pretrial Motions**

Defendant Jamal Knox is charged in Count 1 of a Superseding Indictment with conspiracy to distribute 1 kilogram or more of heroin, 280 grams or more of crack cocaine, 100 grams or more of acetyl fentanyl and valeryl fentanyl, and 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, from on or about September 2017 to on or about November 2019. ECF No. 33. Presently before the Court are the following pretrial motions filed by Mr. Knox: Motion for a Bill of Particulars, ECF No. 1018, Motion for Disclosure of <u>Brady</u> Material, ECF No. 1019, Motion for Discovery, ECF No. 1021, Motion for Early Release of Jencks Material, ECF No. 1023, and Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence, and for Pretrial Production of Such Evidence, ECF No. 1024. The Government has responded to said Motions, such that they are ripe for resolution. ECF No. 1068.

I.  **Motion for a Bill of Particulars**

Mr. Knox has filed a motion requesting that the Court issue an Order directing the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). ECF No. 1018. Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment, or at a later time if the court permits. The government may amend a bill of particulars

subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f).  A bill of particulars is a "'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor.'"  United States v. Urban, 404 F.3d 754, 771-772 (3d Cir. 2005) (quoting BLACK'S LAW DICTIONARY 177 (8th ed. 2004)).  "The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir.1972).  "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,' will we find that a bill of particulars should have been issued."  Urban, 404 F.3d at 771-772 (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.1989) (citing Addonizio, 451 F.2d at 62-63)).

For a conspiracy charge, the United States Court of Appeals for the Third Circuit "has held that a defendant is not entitled to a list of uncharged overt acts and uncharged criminal conduct, nor is he entitled to a list of the identities of Government witnesses."  United States v. Cardillo, No. CRIM.A. 13-121-2 JBS, 2015 WL 3409324, at *5 (D.N.J. May 27, 2015) (citing United States v. Di Pasquale, 740 F.2d 1282, 1294 (3d Cir.1984) (other citations omitted)).  A "request for the 'when, where and how' of any overt acts not alleged in the indictment is "tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f)."  United States v. Armocida, 515 F.2d 49, 54 (3d Cir.1975) (quoting Addonizio, 451 F.2d at 64).  A "bill of particulars is not a discovery tool by which defendants obtain disclosure of every detail of the theory and preparation of the Government's case."  Cardillo, 2015 WL 3409324, at *5.

Mr. Knox requests a bill of particulars seeking details about the beginning and ending dates for the conspiracy and the dates when he and each conspirator joined the alleged conspiracy. He also asks that the government identify the dates, times, and places at which Mr. Knox is alleged to have combined, conspired, confederated, and agreed with each of the co-defendants to commit the offense alleged in Count 1. Mr. Knox also requests the government to identify the factual basis, including overt acts, upon which he is alleged to have been a member of the conspiracy, including dates, locations, and participants in meetings and conversations. Alternatively, he requests that the government disclose information related only to overt acts specifically related to Mr. Knox.

Although the Superseding Indictment alleges a nearly two-year conspiracy, the allegations of Count 1 are sufficiently worded to give Mr. Knox notice of the essential facts supporting the alleged criminal conspiracy. Mr. Knox has also received extensive discovery from the government, which includes audio recordings of intercepted telephone calls, "transcripts reproducing or summarizing pertinent intercepted calls, hundreds of pages of affidavits that were submitted to obtain interception orders and search warrants, lab reports, and police reports." ECF No. 1078, at 4-5. The information provided by the government during discovery adds significant and specific detail to the charge in the Superseding Indictment. The information Mr. Knox possesses is sufficiently clear to enable him and his counsel to adequately prepare a defense, protect against double jeopardy, and to avoid unfair surprise at trial. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972) ("motion seeking a bill of particulars is properly denied where the record as a whole demonstrates that ample opportunity exists for adequate preparation of the defense"). Thus, the Court finds that the Superseding Indictment, as supplemented by voluminous discovery material, informs Mr. Knox of the charges against him

and permits him to adequately prepare his defense. Accordingly, Mr. Knox's Motion for a Bill of Particulars is DENIED.

## II. Motion for the Disclosure of Brady/Giglio Materials and Motion for Early Release of Jencks Material

Mr. Knox seeks production of all exculpatory evidence, and all material and information that may be favorable to him, pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Mr. Knox also requests all potential impeachment material pursuant to Giglio v. United States, 405 U.S. 150, 154 (1972). See also United States v. Perdomo, 929 F.2d 967 (3d Cir. 1991). Finally, Mr. Knox requests early release of Jencks Act material.

### A. Brady/Giglio

"In Brady, the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (quoting United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992)). Once a defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if Brady material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in Giglo extended its ruling in Brady to encompass impeachment evidence relating to the credibility of a government witness. Giglio, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under

Brady. See Higgs, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

There is no indication that the government has not met its obligations under Brady/Giglio; and, in its Response, the government acknowledges its continuing obligation to provide Mr. Knox with exculpatory material. The Court's Pretrial Scheduling Order provided that the government "shall provide defense counsel with copies of any Brady/Giglio impeachment materials not previously disclosed, and any evidence of defendant's uncharged conduct which it intends to introduce at the trial pursuant to Federal Rule of Evidence 404(b), on or before November 8, 2022." ECF No. 996, at ¶ 5. Accordingly, the Motion for Disclosure of Brady/Giglio Materials is DENIED, without prejudice.

B.     Jencks Act

Pursuant to the Jencks Act, no statement or report made by a government witness or potential government witness "shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

The statute provides that the government need not provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial. A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial. Here, the Court's Pretrial Scheduling Order states, the

"government is encouraged to provide all Jencks Act materials prior to the pretrial conference [which is scheduled for November 21, 2022], or in the alternative, in sufficient time to permit counsel to review such materials so as to eliminate the need for a delay in the trial." ECF No. 996, at ¶ 5.  The government, aware of the potential delays by holding Jencks material until after a witness is called, states that it intends to provide Jencks Act material shortly before trial.  ECF No. 1068, at 7.  Accordingly, the Motion for Early Release of Jencks material is DENIED.

## IV.     Motion for Discovery

Mr. Knox's Motion for Discovery acknowledges that the government has turned over certain Rule 16 materials; however, he asserts that additional discovery is required for him to adequately prepare a defense.  "Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution."  United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994).  Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)).  In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule.  Fed. R. Crim. P. 16(a)(1)(E).  Similarly, when requested by defendant, the government must also permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments.  Fed. R. Crim. P. 16(a)(1)(F).  Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the

government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. Rule 16(a)(1)(G). The government remains under a continuing duty to disclose any additional evidence it discovers. Fed. R. Crim. P. 16(c). "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2).[1]

As set forth in his Motion, Mr. Knox requests detailed discovery information from the government. ECF No. 1021, at ¶ 2a.-m. The government responds that it has provided all Rule 16 required discovery materials in its possession and will supplement such disclosures as new information is learned:

> The prosecution has complied with its Rule 16 discovery obligations by either copying and providing the Rule 16 discovery information to the defendant or otherwise making such information available to the defendant. The prosecution intends to continue to comply with Rule 16 if it obtains additional Rule 16 discovery information.

ECF No. 1068, at 6. If the government does not turn over certain requested material under Rule 16, Mr. Knox can seek to compel the government to provide such material if one of Rule 16's bases for production of the material is established. For example, although the government may choose to not use certain evidence in its case-in-chief, a defendant may consider such evidence material to the preparation of his defense. Here, Mr. Knox does not identify any request for

---

[1] Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2). Mr. Knox's request for Jencks Act material is addressed separately in this Opinion.

specific material that the government has declined to produce under Rule 16.  There is no indication that the government is not complying with its discovery obligations.  Accordingly, the Motion for Discovery, ECF No. 1021, is DENIED, without prejudice.

V.  **Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or Federal Rule of Evidence 404(b) Evidence, and for Pretrial Production of Such Evidence**

Mr. Knox requests this Court to Order the government to provide him with a written statement of his uncharged misconduct and Rule 404(b) evidence.  Federal Rule of Evidence Rule 404(b)'s notice requirements, which were amended effective December 1, 2020[2], provide as follows:

> **(3)  Notice in a Criminal Case**.  In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).  What constitutes "reasonable notice" depends on "the circumstances and complexity of the prosecution." United States v. Johnson, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016).  In general, courts have found that, "reasonable notice" under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial. United States v. Long-Parham, 183

---

[2] Federal Rule of Evidence 404(b) was amended effective December 1, 2020.  According to the Committee Note, and as set forth above, the amendment principally imposes additional notice requirements on the prosecution.  The amendment also eliminated the requirement that the defendant must make a request before notice is provided.  Amended Rule 404(b) governs all proceedings commenced December 1, 2020 and thereafter, and insofar as just and practicable, to pending proceedings.  The Court finds that it is just and practicable to apply amended Rule 404(b) to cases, like the instant case, commenced in November 2019.

F. Supp. 3d 746, 750 (W.D. Pa. 2016); <u>United States v. Buckner</u>, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020).  Evidence subject to Rule 404(b) is "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  However, such evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).

In its Response, the government responds that it is aware of its obligations under Rule 404(b) and indicates that it will provide notice of 404(b) information it intends to introduce at trial in accord with the law.  ECF No. 1068, at 7-8.  The government recites that disclosure seven to days prior to trial has been deemed "reasonable."  <u>Id.</u> at 8.  Depending on the nature and amount of Rule 404(b) evidence that the government intends to introduce, there is the possibility that Mr. Knox may seek to challenge such evidence.  The Court will address the matter of timing of disclosure of 404(b) evidence and uncharged misconduct evidence at the motion hearing scheduled for November 15, 2022.  Accordingly, the Court defers ruling on Mr. Knox's Motion until November 15, 2022.

V.     **Conclusion**

In summary, and for the reasons stated above, Mr. Knox's Motions are resolved as follows.  The Motion for a Bill of Particulars, ECF No. 1018, is denied. The Motion for Disclosure of <u>Brady</u> Material, ECF No. 1019, is denied, without prejudice.  The Motion for Discovery, ECF No. 1021, is denied, without prejudice.  The Motion for Early Release of Jencks Material, ECF No. 1023, is denied.  The Court defers ruling on the Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence

and/or Federal Rule of Evidence 404(b) Evidence, and for Pretrial Production of Such Evidence, ECF No. 1024.

IT IS SO ORDERED.

Dated: November 14, 2022

_____
Marilyn J. Horan
United States District Court Judge